UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELDON BOND, on his own behalf and
on behalf of those similarly situated,

    Plaintiffs,

CASE NO.:

vs.

GLOBAL CONNECTIONS OF
KANSAS, INC. a Foreign Profit
Corporation a/k/a GLOBAL
CONNECTIONS, INC.,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

Plaintiff, ELDON BOND, on his own behalf and on behalf of those similarly situated ("Plaintiff"), was an employee of Defendant, GLOBAL CONNECTIONS OF KANSAS, INC. a/k/a GLOBAL CONNECTIONS, INC., ("GCI" or "Defendant"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2.     The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

1

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendant to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6. The Defendant in this case, a travel club membership program company, violated the FLSA by failing to pay Plaintiff and other similarly-situated laborers proper time and one half for all of their hours worked over forty (40) each week.

7. This action is intended to include each and every hourly, plus commissions paid "sales representatives," "customer service representatives," "member benefits representatives," and/or "booking agents" (hereinafter collectively referred to as "Representatives" who worked for Defendant at any time within the past three (3) years.

**PARTIES**

8. Plaintiff, and those similarly situated individuals ("class members"), were hourly, plus commissions paid representatives who performed sales for Defendant.

9. Defendant, GLOBAL, is a Foreign Profit Corporation.

10. Defendant is in the business of operating a travel club membership program company headquartered in Overland Park, Kansas and offices located in various states. *See* Defendant's website, *available at* http://www.exploregci.com.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

12. Defendant conducts business in, among others, Orange County, Florida, therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## COVERAGE

13. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

14. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

15. At all material times, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. At all times material, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

3

c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. telephones, computers, and/or office supplies).

## FACTUAL ALLEGATIONS

17. Defendant is a company classified as a travel membership services company.

18. Defendant has a common pay policy and/or pay practice which fails to pay certain hourly, plus commissions paid employees at a rate of time and one-half their regular rate of pay for hours worked in excess of forty (40) per week.

19. These employees regularly work over forty (40) hours per week.

20. Plaintiff, ELDON BOND, performed membership sales duties for Defendant.

21. Plaintiff worked in this capacity from approximately November 2015 through November 2018.

22. Plaintiff was paid an hourly rate of $13.00 per hour, plus commissions in exchange for work performed.

23. Plaintiff and those similarly situated to him routinely worked in excess of forty (40) hours per week as part of their regular job duties.

24. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff, and those similarly situated to him, proper overtime compensation at a rate of time and a half of their regular rate of pay for hours worked over forty (40) in a workweek.

25. Upon information and belief, Defendant had a company-wide policy of that failed to pay its Representatives overtime pay on their commissions earned, contrary to the FLSA.

26. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and those similarly situated to him.

27. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

28. Defendant has acted willfully in failing to pay Plaintiff and those similarly situated to him in accordance with the law.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff and the class members performed the same or similar job duties as one another in that they performed duties as membership sales representatives on behalf of Defendant.

30. Plaintiff and the class members were all hired by Defendant to perform sales duties to Defendant's customers.

31. Plaintiff and all class members worked for Defendant at various locations throughout the United States.

32. Plaintiff and the class members were all paid an hourly rate, plus commissions for the work performed.

33. Plaintiff and the class members worked similar hours and usually worked more than forty (40) hours per week.

34. Plaintiff and the class members were subjected to the same pay provisions, inasmuch as they were not compensated at time-and-one-half of their regular rate for all hours

worked in excess of forty (40) hours in a workweek. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

35. Defendant's failure to compensate Plaintiff and the class members proper overtime pay for all hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a uniform pay policy, applicable to all putative class members herein.

36. These policies or practices were applicable to Plaintiff and the class members.

37. Application of these policies or practices does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime wages to Plaintiff applies to all class members.

38. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime and/or minimum wage compensation with respect to Plaintiff and the class members.

39. Defendant knew that Plaintiff and those similarly situated to him should have been paid proper overtime pay for all overtime hours they worked each workweek, yet Defendant failed to do so.

40. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

41. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

42. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-41 above.

43. Plaintiff, and those similarly situated to him, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per workweek.

44. During his/their employment with Defendant, Plaintiff, and those similarly situated to him, regularly worked overtime hours but was/were not paid proper time and one-half compensation for same.

45. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, proper time and one-half compensation for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff, and those similarly situated to him, has/have suffered damages, plus incurring reasonable attorneys' fees and costs.

46. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to him, is/are entitled to liquidated damages.

47. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, and those similarly situated employees, demand judgment against Defendant for:

> a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;
>
> b) The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by him/them for which Defendant did not properly compensate him/them;
>
> c) Liquidated damages;
>
> d) Reasonable attorneys' fees and costs incurred in this action;
>
> e) Pre- and post-judgment interest as provided by law;
>
> f) Trial by jury on all issues so triable;

g) Any and all further relief that this Court determines to be appropriate.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated: February 20, 2019

Respectfully submitted by,

*[signature]*

Kimberly De Arcangelis, Esquire
FBN 025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com
Trial Attorneys for Plaintiffs